FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| BRANDYWINE COMMUNICATIONS TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>Defendant. | C.A. No. 6:11-cv-1843-ORL-28-KRS<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Brandywine Communications Technologies, LLC ("Brandywine" or "Plaintiff"), for its Complaint against Defendant Cisco Systems, Inc. ("Cisco") alleges the following:

## INTRODUCTION

1. This is an action for infringement of United States Patent No. 5,881,142 ("the '142 patent") under 35 U.S.C. § 271(a), (b), and (c).

## PARTIES

2. Plaintiff Brandywine is a limited liability company with its principal place of business at 1612 Mt. Pleasant Road, Villanova, Pennsylvania 19085.

3. Upon information and belief, Cisco is a corporation organized and existing under the laws of California and has its principal place of business at 170 West Tasman Drive, San Jose, CA 95134. Upon information and belief, Cisco sells and offers to sell products and services throughout the United States, including in this judicial district and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over Defendant. Upon information and belief, Defendant has transacted business in this judicial district directly or indirectly and has committed, contributed to, and/or induced acts of patent infringement in this judicial district including, among other things, through the sale of infringing products and/or products that perform infringing processes directly, or through retailers or other businesses located in Florida and this judicial jurisdiction.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## FIRST CLAIM FOR RELIEF
## PATENT INFRINGEMENT OF U.S. PATENT NO. 5,881,142
## (35 U.S.C. § 271)

8. The allegations set forth in the foregoing paragraphs 1 through 7 are incorporated into this First Claim for Relief.

9. On December 13, 1994, the '142 patent, entitled "Integrated Communications Control Device for a Small Office Configured for Coupling Within a Scalable Network," was duly and legally issued by the United States Patent and Trademark Office to inventors David P. Frankel, Gregory E. Pounds, and William D. Strauss, and has been duly and legally assigned to Brandywine. At least as of the time of service of this Complaint, Defendant Cisco has had actual knowledge of the '142 Patent. A copy of the '142 patent is attached as Exhibit A.

10. Upon information and belief, Defendant Cisco has infringed and continues to infringe one or more claims of the '142 patent in this judicial district and elsewhere by making,

using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '142 patent ("Cisco Accused Services and Products for the '142 patent").

11. Cisco Accused Services and Products for the '142 patent include, but are not limited to, the SPA9000, SPA400, and SPA 3102 products.

12. Upon information and belief, Cisco has committed and continues to commit acts of contributory infringement of one or more of the claims of the '142 patent under 35 U.S.C. § 271(c) in that Cisco has made, used, sold, offered to sell, and/or and continues to make, use, sell, offer to sell, services and products including but not limited to Cisco Accused Services and Products for the '142 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '142 patent.

13. Upon information and belief, Cisco has induced and continues to induce others to infringe one or more claims of the '142 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '142 patent.

14. Because of Cisco's infringement, inducement of infringement, and contributory infringement of the '142 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Brandywine demands judgment against Defendant and against its respective subsidiaries, affiliates, agents, servants, employees, licensees, and all persons acting

or attempting to act in active concert or participation with them or acting on their behalf, granting the following relief:

A. A judgment in favor of Brandywine that Defendant has infringed, directly and/or indirectly, and by way of inducing and/or contributing to the infringement of the '142 patent;

B. An award of damages adequate to compensate Brandywine for the infringement, inducement of infringement, and contributory infringement, together with pre- and post-judgment interest and an accounting;

C. Increased damages pursuant to 35 U.S.C. § 284;

D. A finding that this case is exceptional and an award to Brandywine of its attorneys' fees, expenses and costs pursuant to 35 U.S.C. § 285; and

E. Such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Brandywine demands a trial by jury.

Dated: November 18, 2011

Respectfully submitted,
HILL RUGH KELLER & MAIN, P.L.

CHRISTOPHER T. HILL
Florida Bar No. 0868371
390 North Orange Avenue, Suite 1610
Post Office Box 2311
Orlando, Florida 32802-2311
(407) 926-7460
(407) 926-7461 facsimile
chill@hrkmlaw.com
Attorneys for Plaintiff
Brandywine Communications Technologies, LLC