IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| BRANDYWINE COMMUNICATIONS TECHNOLOGIES, LLC<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>Defendants. | Civil Action File No. 6:11-CV-1843-CEH-DAB<br><br>JURY TRIAL DEMANDED |

**CISCO SYSTEMS. INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant and Counterclaimant Cisco Systems, Inc. ("Cisco") hereby files its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Brandywine Communications Technologies, LLC's ("Brandywine") Complaint for Patent Infringement, and admits, denies, and alleges as follows:

**INTRODUCTION**

1. Cisco admits that the Complaint purports to state an action for patent infringement arising under Title 35 of the United States Code. Cisco denies that it has committed acts of patent infringement in this judicial district or elsewhere.

**PARTIES**

2. Cisco is without knowledge sufficient to admit or deny the allegations of paragraph 2 of Brandywine's Complaint, and Cisco therefore denies them.

3. Cisco admits that it is a California corporation with a principal place of business at 170 West Tasman Drive, San Jose, CA 95134. Cisco admits that it sells and offers to sell products and services throughout the United States, including in this judicial district. Cisco specifically denies that it has committed acts of patent infringement in this judicial district or elsewhere. Cisco denies any remaining allegations of paragraph 3 of Brandywine's Complaint.

**JURISDICTION AND VENUE**

4. Cisco admits that the Complaint purports to state an action for patent infringement arising under Title 35 of the United States Code. Cisco denies that it has committed acts of patent infringement in this judicial district or elsewhere.

5. Cisco admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6. Cisco admits that it is subject to the personal jurisdiction of this Court. Cisco further admits that it has transacted business in Florida. Cisco specifically denies that it has committed acts of patent infringement in this judicial district or elsewhere. Cisco further denies that it has harmed Brandywine in Florida by using, selling, offering for sell, and/or importing infringing products in Florida, and denies any other allegations in this paragraph.

7. Cisco admits that venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b), but because of the lack of connections of Cisco and Brandywine to this district, among other reasons, Cisco denies that this action should be maintained as pled in this district and reserves its right to seek transfer to another district.

**FIRST CLAIM FOR RELIEF**
**ALLEGED PATENT INFRINGEMENT OF U.S. PATENT NO. 5,881,142**
**(35 U.S.C. § 271)**

8. Cisco incorporates its responses to paragraphs 1 through 7 as though fully set forth herein.

9. Cisco admits that what purports to be a true and correct copy of U.S. Patent No. 5,881,142 (the "'142 Patent"), entitled "Integrated Communications Control Device for a Small Office Configured for Coupling Within a Scalable Network", is attached to the Complaint as Exhibit A. Cisco further responds that the '142 Patent speaks for itself. Cisco admits that upon receiving a copy of the '142 Patent in connection with the service of Brandywine's Complaint, Cisco had actual knowledge of the '142 Patent. Cisco is without knowledge sufficient to admit or deny the remaining allegations of paragraph 9 of the Complaint, and Cisco therefore denies them.

10. Cisco denies the allegations of paragraph 10 of Brandywine's Complaint.

11. Cisco admits that Brandywine has accused the SPA 9000, SPA 400, and SPA 3102 products of infringing the '142 Patent. Cisco denies that those products infringe the '142 Patent, and Cisco denies any remaining allegations of paragraph 11 of Brandywine's Complaint.

12. Cisco denies the allegations of paragraph 12 of Brandywine's Complaint.

13. Cisco denies the allegations of paragraph 13 of Brandywine's Complaint.

14. Cisco denies the allegations of paragraph 14 of Brandywine's Complaint.

Cisco denies any and all remaining allegations contained in Brandywine's Complaint not expressly admitted herein.

**PRAYER FOR RELIEF**

Cisco denies the allegations contained in the Prayer for Relief and further denies that Brandywine is entitled to any relief whatsoever against Cisco.

**JURY DEMAND**

Cisco admits that the Complaint sets forth a demand for a trial by jury. Cisco, likewise, demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to the First Amended Complaint, Cisco alleges as follows:

First Affirmative Defense

The asserted claims of the '142 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements).

Second Affirmative Defense

Brandywine's claims of infringement against Cisco regarding the '142 Patent are barred and the patent is unenforceable against Cisco due to the doctrines of laches, waiver, estoppel, and/or acquiescence.

Third Affirmative Defense

To the extent that Brandywine, its predecessors in interest to the '142 Patent, or their respective licensees, failed to properly mark any of their relevant products as required by 35

U.S.C. § 287 or otherwise give proper notice that Cisco's actions allegedly infringed the '142 Patent, Cisco is not liable to Brandywine for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '142 Patent.

Fourth Affirmative Defense / Reservation of Rights

Cisco is investigating the facts relating to the procurement of the '142 Patent and the assertion of infringement against Cisco, and will continue to do so throughout the discovery process. To the extent that this investigation reveals any improprieties in connection with such matters, Cisco reserves the right to seek leave to amend to assert such allegations and/or defenses based thereon that may be appropriate.

## COUNTERCLAIMS

### THE PARTIES

1. Defendant and Counterclaimant Cisco is a corporation organized and existing under the laws of the State of California and maintains its principal place of business located at 170 W. Tasman Drive, San Jose, California 95134.

2. Upon information and belief, Plaintiff and Counterclaim-Defendant Brandywine Communications Technologies, LLC ("Brandywine") is a Delaware limited liability company with its principal place of business at 1612 Mt. Pleasant Road, Villanova, Pennsylvania 19085.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to claims arising under the Patent Act, 35 U.S.C. § 101 et seq., and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

4. This Court has personal jurisdiction over Brandywine, which has availed itself of this Court by making in this Court claims of alleged infringement of the ‘142 Patent.

5. Venue exists under 28 U.S.C. §§ 1391(b)-(c) and 1400(b), however, the Northern District of California would be a more convenient venue.

## FIRST COUNT
**(Declaration of Non-Infringement)**

6. Cisco repeats and incorporates by reference the preceding paragraphs of its Counterclaims as though fully set forth herein.

7. Brandywine has brought a patent infringement action against Cisco.

8. Brandywine has alleged that it is the owner by assignment of the ‘142 Patent.

9. Brandywine has alleged and continues to allege that Cisco has directly, by inducement, and/or contributorily infringed the ‘142 Patent.

10. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Brandywine and Cisco concerning whether Cisco has infringed and is infringing any valid and enforceable claim of the ‘142 Patent.

11. Cisco does not infringe any valid and enforceable claim of the ‘142 Patent.

12. By virtue of the foregoing, Cisco desires a judicial determination of its rights and duties with respect to any alleged infringement of the ‘142 Patent.

13. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

**SECOND COUNT**
**(Declaration of Patent Invalidity)**

14. Cisco repeats and incorporates by reference the preceding paragraphs of its Counterclaims as though fully set forth herein.

15. Brandywine has brought a patent infringement action against Cisco.

16. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Brandywine and Cisco regarding invalidity of the claims of the '142 Patent.

17. Upon information and belief, the claims of the '142 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or the rules, regulations and law pertaining thereto.

18. By virtue of the foregoing, Cisco desires a judicial determination of its rights and duties with respect to the invalidity of the claims of the '142 Patent.

19. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

**JURY DEMAND**

Cisco demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Brandywine's Complaint and having asserted Affirmative Defenses and Counterclaims, Cisco prays for judgment as follows:

A. That this Court fully and finally dismiss Brandywine's claims against Cisco and order that Brandywine take nothing from Cisco;

B. That this Court enter judgment and/or declarations that Cisco does not infringe the Patent-in-Suit and that the Patent-in-Suit is invalid and unenforceable against Cisco;

C. That the Court enter a judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding Cisco its attorneys' fees and prejudgment interest;

D. That this Court award Cisco all of its costs of this action; and

E. That this Court grant Cisco such other and further relief as the Court shall deem just and proper.

Dated this 25th day of January, 2012.

**DUANE MORRIS LLP**
200 South Biscayne Boulevard
Suite 3400
Miami, Florida 33131
Tel.: 305.960.2200
Fax: 305.397.1874

s/ Warren D. Zaffuto
Harvey W. Gurland, Jr., P.A.
Florida Bar No. 284033
HWGurland@duanemorris.com
Warren D. Zaffuto
Florida Bar No. 0743461
WDZaffuto@duanemorris.com

L. Norwood Jameson, Esq.
(*admitted pro hac vice*)
Matthew C. Gaudet, Esq.
(*admitted pro hac vice*)
David C. Dotson, Esq.
(*admitted pro hac vice*)
**DUANE MORRIS LLP**
1180 West Peachtree Street NW, Suite 700
Atlanta, GA 30309
Tel.: 404.253.6900 / Fax: 404.420.2623

**Of Counsel:**

Joseph A. Powers, Esq.
(*motion pro hac vice to be filed*)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: 215.979.1000
Facsimile: 215.689.3797

*Counsel for Defendant Cisco Systems, Inc.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 25th day of January, 2012, the foregoing was electronically filed with the Clerk of the Court using CM/ECF which will send a notice of electronic filing to the following: **Christopher T. Hill, Esq. and Steven R. S. Main, Esq.**, Hill & Rugh, Keller & Main, PL, 390 N. Orange Ave., Suite 1610, Orlando, Florida 32802-2311.

s/ Warren D. Zaffuto
Warren D. Zaffuto